IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 4:06-CR-00018 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| JASON LAMAR PRESSLEY a/k/a | : | |
| JASON SMITH a/k/a JAY, | : | |
| TERRY RAFEEQ SCOTT a/k/a TAFFY, | : | |
| JEROME DAVID KING, and | : | |
| WENDELL R. SIMPKINS, | : | |
| | : | |
| Defendants. | : | |

**M E M O R A N D U M**

June 2, 2006

**BACKGROUND:**

On January 12, 2006, defendants Pressley, Scott, King, and Simpkins were

indicted by a grand jury sitting in the Williamsport Division of the Middle District

of Pennsylvania on a one-count indictment.  The grand jury charged that the

defendants conspired to possess with intent to distribute more than five grams of

cocaine base known as crack, in violation of 21 U.S.C. § 846 (Count One).  It was

also recited that the defendants possessed a number of firearms during and in

furtherance of the conspiracy.  All defendants entered pleas of not guilty to the

original indictment, and all are incarcerated awaiting trial.

We granted as unopposed motions to compel filed separately by defendants

Scott and Simpkins.  (Rec. Doc. Nos. 74 & 81).  Defendants Scott and Simpkins have filed notices that they will contest the authenticity and admissibility of the government's evidence at trial, pursuant to our pretrial order dated March 10, 2006.  (See Rec. Doc. Nos. 40, 76-79, 87-90.)

The government moved to continue the trial until June 1, 2006.  All defendants filed statements of reasons for their non-concurrence in the motion.  On May 1, 2006, we denied the government's motion to continue.  (Rec. Doc. No. 93).  Jury selection was scheduled for May 8, 2006.

A flurry of activity followed our denial of the government's motion to continue.  On May 2, 2006, the day after we denied the motion to continue, the Assistant United States Attorney assigned to the case filed a motion to disqualify defendant Pressley's attorney due to a conflict of interest.  On May 3, 2006, the Assistant United States Attorney traveled to Harrisburg to obtain a first superseding indictment, which contains nine counts.[1,2]

_____

[1] As noted in our May 5, 2006 order continuing the trial, the Assistant United States Attorney failed to comply with Local Criminal Rule 7.1 in filing the first superseding indictment.  (See Rec. Doc. No. 113, at 2-3.)  Local Criminal Rule 7.1 provides:

On May 5, 2006, defendant Simpkins filed a motion to dismiss the First

Superseding Indictment, with prejudice.  (Rec. Doc. No. 107.)  All defendants have

joined this motion.[3]  Also on May 5, defendant Simpkins filed a Motion

---

> Upon the filing of a superseding indictment, the government shall file a statement indicating whether the United States has filed or will file a motion for a continuance of trial based upon the filing of the superseding indictment and <u>indicating the changes that have been made in the superseding indictment in comparison to the preceding indictment</u>.

Local Criminal Rule 7.1 (emphasis added).  We set forth the differences between

the original indictment and the superceding indictment in our May 5, 2006 order

continuing the trial.  (<u>See</u> Rec. Doc. No. 113, at 2-5.)

[2] Defendants Scott, King, and Simpkins entered pleas of "not guilty" on the

first superseding indictment.  (<u>See</u> Rec Doc. Nos. 139, 141, 143.)  Defendant

Pressley, at his arraignment on the first superseding indictment, did not wish to

enter a plea, as he stated that he does not recognize the first superseding indictment

as differing from the original indictment.  The presiding magistrate judge entered a

plea of "not guilty" on behalf of Pressley, in accordance with the Federal Rules of

Criminal Procedure.  (<u>See</u> Rec. Doc. No. 144.)

[3] Defendant Scott joined the motion on May 5, 2006.  (<u>See</u> Rec. Doc. Nos.

114 & 115.)  Defendant King joined on May 10, 2006.  (Rec. Doc. No. 125.)

Requesting the Production of Transcripts From the Grand Jury Returning The

Indictment Returned January 12, 2006 And Superseding Indictment Returned May

3, 2006.  (Rec. Doc. No. 112.)  All defendants have joined in this motion as well.[4]

On May 5, 2006, we issued an order continuing the trial of all four

defendants until our disposition of three important pretrial motions: the

government's motion to disqualify Pressley's counsel, the defendants' motion to

dismiss the superseding indictment with prejudice, and the defendants' motion

requesting the production of grand jury transcripts.

We have decided the motion for disqualification.[5]  Now before the court are

_____

Defendant Pressley orally joined the motion during the hearing to disqualify his

attorney, and new counsel for Pressley filed a motion to join on May 26, 2006.

(Rec. Doc. No. 146.)

[4] Defendant Scott joined the motion on May 9, 2006.  (See Rec. Doc. Nos.

122 & 128.)  Defendant King joined on May 10.  (Rec. Doc. No. 125.)  Defendant

Pressley joined on May 26, 2006.  (Rec. Doc. No. 146.)

[5] After an in camera and partially ex parte hearing on the motion to

disqualify, we issued a sealed memorandum disqualifying Pressley's appointed

counsel due to a conflict of interest.  (Rec. Doc. Nos. 123 & 124.)  On May 11,

2006, we issued an order appointing new counsel for defendant Pressley.  (See

4

the defendants' motions to dismiss the superseding indictment with prejudice, and

defendants' motion requesting the production of grand jury transcripts.  In this

memorandum, we also consider defendant King's motion for production of the

transcript from the <u>in camera</u> hearing regarding defendant Pressley's

representation.  (Rec. Doc. No. 125.)

For the following reasons, we will deny the motions.

## **DISCUSSION:**

### **I.  Motion To Dismiss the Superseding Indictment, With Prejudice**

The defendants argue that the filing of the superseding indictment forced

them to make a choice between two unacceptable alternatives: proceed to trial on

the first superseding indictment without having adequate time to prepare a defense

against the new charges, or request a continuance and surrender the right to a

speedy trial.  They therefore ask that we dismiss the superseding indictment, with

prejudice.

Below we explain our conclusion that there has been no violation of the

Speedy Trial Act in this case.  We then discuss the defendants' arguments

regarding the abuse of prosecutorial discretion.

――――――――――――――――

Rec. Doc. No. 124.)

## A.  The Speedy Trial Act

The Speedy Trial Act provides that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant . . . shall commence within seventy days . . . from the date the defendant has appeared before a judicial officer of the court in which such charge is pending."  18 U.S.C. § 3161(c)(1).  "Numerous exclusions, however, give flexibility to this facially rigid seventy-day period."  United States v. Felton, 811 F.2d 190, 193 (3d Cir. 1987); see 18 U.S.C. § 3161(h).  "If the defendant is not brought to trial within seventy days, as augmented by allowable exclusions, the court must dismiss the indictment on motion of the defendant."  Felton, 811 F.2d at 193; 18 U.S.C. § 3162(a)(2).

Section 3161(h)(1)(F) ("subsection (F)") excludes from these seventy days certain delays occasioned by the filing of pretrial motions:

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to–
>
> (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt resolution of, such motion.

6

18 U.S.C. § 3161(h)(1)(F) (emphasis added).

The government argues that <u>no</u> time has run from the Speedy Trial clock in this case, as pretrial motions were filed immediately after arraignment,[6] and various overlapping motions have been pending during the entire pretrial period. (Govt's Br. In Opp., Rec. Doc. No. 134-1, at 5-9.)  The defendants argue that because any delay "is actually a delay caused by Counsel for the United States," time has been running on the Speedy Trial clock and the trial must be held in May. (Rec. Doc. No. 136, at 2.)

We disagree with the defendants' view.  Our calculation shows that, at the most, two days have run on the Speedy Trial clock.  The last two of these four codefendants were arraigned on March 14, 2006.  On March 15, 2006, defendant Scott filed a motion to compel discovery.  One day of non-excludable time thus

―――――――――――――

[6] "All defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant."  <u>Henderson v. United States</u>, 476 U.S. 321, 323, n.2 (1986) (citing 18 U.S.C. § 3161(h)(7)).  Thus, the speedy trial clock in this case runs from March 14, 2006, the date that defendants Simpkins and Pressley made their initial appearance and pled not guilty to the original indictment.

elapsed between March 14 and March 15, 2006.

After March 15, 2006, various overlapping pretrial motions were filed by the parties and resolved by this court.  When we denied the government's motion to continue on May 1, 2006, that disposed of the last pretrial motion then pending.  On May 2, 2006, the government filed the motion to disqualify defendant Pressley's counsel.  One day of non-excludable time thus elapsed between May 1 and May 2, 2006.  During the pendency of the motion to disqualify, defendant Simpkins filed the instant motion to dismiss the superseding indictment.  A total of two days have elapsed on the Speedy Trial clock.

The periods of excludable delay discussed above are authorized by subsection (F).  The plain language of the statute excludes from the seventy-day speedy trial requirement "any period of delay" resulting from "any pretrial motion."  18 U.S.C. § 3161(h)(1)(F) (emphasis added).  The defendants argue that the time between the filing and resolution of certain of their pretrial motions, such as the motions to compel discovery, should not be excludable, because the motions were filed due to the government's repeated failures to provide discovery materials to the defendants.  We discussed those failures in two orders granting motions to compel filed by defendants Scott and Simpkins, and our order denying the government's motion to continue trial.  (See Rec. Doc. Nos. 74, 81, & 93.)

8

The defendants cite to no authority, and we are aware of none, which supports their argument that motions to compel discovery are excluded from the rule set out in subsection (F).  As the plain language of the statute is clear, and the Supreme Court of the United States has broadly interpreted subsection (F), <u>see Henderson v. United States</u>, 476 U.S. 321, 325 (1986) (affirming the Seventh Circuit's holding that subsection (F) "excludes delays resulting from pretrial motions without qualification"), we will not hold that the circumstances surrounding the filing of pretrial motions may remove such motions from the scope of subsection (F).

There has been no violation of the Speedy Trial Act in this case.  Because the defendants' speedy trial rights were not jeopardized, the defendants were not compelled to choose between their right to a speedy trial and their right to the effective assistance of counsel.

## B.  Prosecutorial Misconduct

The defendants argue that the prosecution obtained the first superseding indictment with an improper purpose–to delay trial.  Defendants suggest that because the government had the information relied upon to obtain the first superseding indictment at the time it obtained the original indictment, the government acted inappropriately in obtaining a first superseding indictment that

was not the product of an ongoing investigation.[7]

The second half of the argument is foreclosed by the broad, but not unlimited, prosecutorial discretion granted the government in criminal cases.

The United States Court of Appeals for the Third Circuit has most recently rejected the second half of defendants' argument in <u>United States v. Winkleman</u>, No. 03-4500, 03-4753, 2006 WL 1371584 (3d Cir. May 18, 2006). In <u>Winkleman</u>, the defendants-appellants argued "that because prosecutors had sufficient information to charge them with trading weapons for narcotics as part of the general conspiracy charge in count one, that the charge should have been contained in one of the previous superceding indictment[s]." <u>Id.</u> at *2.

The Third Circuit rejected that argument, noting that "prosecutors are

———————————

[7]We reinforce that trial was continued due to our consideration of the pretrial motions, and not as an automatic continuance granted upon the filing of a superseding indictment. <u>See</u> <u>United States v. Rojas-Contreras</u>, 474 U.S. 231, 234-37 (1985) (while "Congress did not intend that the 30-day trial preparation period begin to run from the date of filing of a superseding indictment," the Speedy Trial Act "itself places broad discretion in the District Court to grant a continuance when necessary to allow further preparation."); <u>United States v. Rahamin</u>, 168 F. App'x 512 (3d Cir. 2006) (same).

permitted to make charging decisions, and the decision to exclude the illegal

trading from the conspiracy count is entirely permissible."  Id.  The United States

Supreme Court has held that "[i]n our system, so long as the prosecutor has

probable cause to believe that the accused committed an offense defined by statute,

the decision whether or not to prosecute, and what charge to file or bring before a

grand jury, generally rests entirely in [the prosecutor's] discretion."  Bordenkircher

v. Hayes, 43 U.S. 357, 364 (1978) (Stewart, J.).

      The fact that the government was in possession of the information it used to

obtain the first superseding indictment at the time it obtained the original

indictment does not render the first superseding indictment improper or vindictive.

      In support of their argument regarding delay, the defendants direct the court

to a decision of the United States District Court for the Eastern District of

Pennsylvania, United States v. Hoffman, No. Crim. 01-169, 2003 WL 1889466

(E.D. Pa. Apr. 16, 2003) (Kelly, J.).  The district court's holding in Hoffman–that

the defendant's right to a speedy trial was not violated, and that the second

superseding indictment was not filed with an improper purpose–was affirmed by

the United States Court of Appeals for the Third Circuit in United States v.

Hoffman, 148 F. App'x 122 (3d Cir. 2005).

      The district court in Hoffman held that "there was no ill motive, negligence,

nor deliberate intention to delay trial on behalf of the government in seeking a

Second Superseding Indictment.  To the contrary, . . . the filing of the new charges

was because of additional evidence the government uncovered in its continuing

investigation." Hoffman, 2003 WL 1889466, at *5.  The Court of Appeals

affirmed, reasoning:

> The Due Process Clause of the Fifth Amendment
> requires dismissal of an indictment "if it [is] shown . . .
> that the pre-indictment delay . . . caused substantial
> prejudice to [the accused's] rights to a fair trial and that
> the delay was an intentional device to gain tactical
> advantage over the accused." United States v. Marion,
> 404 U.S. 307, 324 (1971).  In the present case Hoffman
> has failed to allege any prejudiced caused by the
> purported delay and has failed to show that the delay was
> used to gain a tactical advantage.  The District Court
> recognized that the second superseding indictment was
> delayed due to the need to conduct further investigation,
> not to gain an improper tactical advantage or to prejudice
> Hoffman.

Hoffman, 148 F. App'x at 130.

We will dismiss the first superseding indictment only if the defendants show

two things: (1) substantial prejudice to their right to a fair trial, and (2) an

intentional delay used to gain tactical advantage.  Id.; Marion, 404 U.S. at 324.

Our analysis ends with consideration of the first element, as defendants have

failed to show that their right to a fair trial has been substantially prejudiced by the

filing of the first superseding indictment.

Defendants argue that they are prejudiced by the filing of the superseding indictment five days prior to trial in two ways. First, they argue that the superseding indictment jeopardized their right to the effective assistance of counsel, because counsel was not prepared to present a defense on the new charges. (See Rec. Doc. No. 107, at ¶19.) Second, defendants argue that "forcing [them] to proceed on the Superseding Indictment on May 8, 2006 will jeopardize [their] right to a speedy trial by compelling [them] to request a continuance" to adequately prepare a defense. (Rec. Doc. No. 107, at ¶ 21.)

We have already explained that there has been no Speedy Trial Act violation in this case. The defendants were therefore not presented with a situation where they had to choose between their right to a speedy trial and their right to the effective assistance of counsel. If defense counsel were unprepared to present a defense on the new charges on the date set for trial, a motion to continue would be appropriate. See, e.g., United States v. Rahamin, 168 F. App'x 512 (3d Cir. 2006) (the Speedy Trial Act "places broad discretion in the District Court to grant a continuance when necessary to allow further preparation.").

Because the prosecutor enjoys broad, but not unlimited, discretion in charging decisions, and because the defendants have failed to show that the filing

of the first superseding indictment caused substantial prejudice to the defendants'

right to a fair trial, we decline the invitation to dismiss the first superseding

indictment.[8]

## II.  Motion For Production Of Grand Jury Transcripts

The defendants have also filed a motion requesting the production of grand

jury transcripts from the grand jury sessions regarding the original and first

superseding indictments.  The defendants request the transcripts "to assist the

Court in making a determination on whether the Government possessed additional

information resulting from an ongoing investigation between the filing of the

Indictment and Superseding Indictment."  (Rec. Doc. No. 112, at ¶8.)

--------

[8] The defendants also request that we dismiss the first superseding

indictment because (1) the government has failed to comply with Local Criminal

Rule 7.1, and (2) Federal Rule of Criminal Procedure 48(b)(1) authorizes dismissal

of "an indictment . . . if unnecessary delay occurs in presenting a charge to a grand

jury."  We reject these arguments in this case.  First, the defendants have cited no

authority, and we are aware of none, that mandates dismissal if the prosecutor fails

to comply with Local Criminal Rule 7.1.  Second, as we have decided that the

filing of the first superseding indictment was not improper, dismissal under Federal

Rule 48(b)(1) is not warranted.

14

We will deny the motion.  As set forth above in our discussion of the Third

Circuit's decision in <u>Winkleman</u> and the Supreme Court decision in <u>Borderkircher</u>,

the prosecutor has broad, but not unlimited, discretion in charging decisions.  As

we stated above, the fact that the government was in possession of the information

it used to obtain the first superseding indictment at the time it obtained the original

indictment does not render the first superseding indictment improper or vindictive.

The "indispensable secrecy of grand jury proceedings must not be broken

except where there is a compelling necessity."  <u>United States v. Procter & Gamble</u>,

356 U.S. 677, 682 (1957) (quoting <u>United States v. Johnson</u>, 319 U.S. 503, 513

(1943).  The defendants have not demonstrated a "compelling necessity" here.  The

motion requesting the production of grand jury transcripts will be denied.

### III.  Motion For Production of Transcript From <u>In Camera</u> Hearing Regarding Defendant Pressley's Representation

Defendant King has also moved for production of the transcript from the <u>in</u>

<u>camera</u> hearing regarding defendant Pressley's representation.  (Rec. Doc. No.

125.)  No brief in support of this motion has been filed, as required by Local Rule

7.5.  The motion will therefore be deemed withdrawn.  <u>See</u> Local Rule 7.5

("Unless otherwise ordered by the court, if supporting legal briefs are not filed

within the time provided by this rule such motion shall be deemed to be

withdrawn."). While King has also failed to brief his motion to join the motion to dismiss the superseding indictment and the motion for production of grand jury transcripts, we deem that he has joined the briefs in support filed by defendants Simpkins and Scott.

## CONCLUSION:

In an accompanying order, for all of the reasons set forth above, the defendants' motions to dismiss the superseding indictment, and requesting production of grand jury transcripts, will be denied.  Defendant King's motion for a transcript of the <u>in</u> <u>camera</u> hearing regarding defendant Pressley's representation will be deemed withdrawn.


    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :          No. 4:06-CR-00018
                                  :
     v.                           :          (Judge McClure)
                                  :
JASON LAMAR PRESSLEY a/k/a         :
JASON SMITH a/k/a JAY,             :
TERRY RAFEEQ SCOTT a/k/a TAFFY,    :
JEROME DAVID KING, and             :
WENDELL R. SIMPKINS,               :
                                  :
     Defendants.                  :

**O R D E R**

June 2, 2006

For all of the reasons set forth in the accompanying memorandum,

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    Defendant Pressley's Motion For Joinder In All Codefendants' Briefs,
      Motions And Other Pleadings Filed To Date Regarding Codefendant
      Terry Rafeeq Scott, Codefendant Jerome David King And
      Codefendant Wendell R. Simpkins, is granted, consistent with the
      accompanying memorandum.  (Rec. Doc. No. 146.)

2.    Defendant Scott's Motion To Join Co-Defendant Simpkins's Motion
      Requesting The Production Of Transcripts From The Grand Jury
      Returning The Indictment Returned January 12, 2006, And

Superseding Indictment Returned May 3, 2006, is granted.  (Rec. Doc. No. 122-1.)

3.      Defendant King's Motion To Join Co-Defendant Simpkins's Motion To Dismiss And Motion Requesting The Production of Transcripts From The Grand Jury And Co-Defendant Scott's Motion To Dismiss And Motion For Transcript Of The May 25, 2006 In Camera Hearing Regarding Co-Defendant Pressley's Representation, is granted in part and deemed withdrawn in part, consistent with the accompanying memorandum.  (Rec. Doc. No. 125.)

4.      The defendants' Motion To Dismiss The Superseding Indictment Filed May 3, 2006, With Prejudice, is denied.  (Rec. Doc. Nos. 107 & 114.)

5.      The defendants' Motion Requesting The Production Of Transcripts From The Grand Jury Returning The Indictment Returned January 12, 2006 And Superseding Indictment Returned May 3, 2006, is denied. (Rec. Doc. No. 112.)

                                        s/ James F. McClure, Jr.
                                        James F. McClure, Jr.
                                        United States District Judge

2